UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Byron Martin,                       :
      Plaintiff,              :
                                    :
  v.                                :       File No. 1:05-CV-74
                                    :
Orleans County, Vermont;            :
Vermont State Troopers;             :
Larry Smith; Sean Selby;            :
Charbonneau; Roberts;               :
Edward Ledo; and Colin              :
Seaman,                             :
      Defendants.             :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Plaintiff Byron Martin, a Vermont inmate proceeding *pro se*, seeks to file a complaint claiming that his confession was illegally obtained, and that his criminal defense attorney was constitutionally ineffective. Martin's complaint is styled as a civil rights action brought pursuant to 42 U.S.C. § 1983. In commencing this action, Martin has moved the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Paper 1), and has submitted an affidavit that makes the showing required by § 1915(a) (Paper 2). Accordingly, the request to proceed *in forma pauperis* is GRANTED. 28 U.S.C. § 1915(a). However, for the reasons set forth

below, I recommend that Martin's complaint be DISMISSED.

<u>Factual Background</u>

Martin's first claim is that four state troopers in Derby, Vermont "conspired to use a statement that I allegedly made, in the form of a confession." Martin alleges that he made the statement while handcuffed in his home, and without having been read his <u>Miranda</u> rights. He further claims that the statement was used against him at trial. The troopers allegedly involved were defendants Smith, Selby, Charbonneau and Roberts. Martin is also suing defendant Ledo for his role as a supervisor.

Martin's second claim is that his attorney was constitutionally ineffective. Specifically, Martin claims that "even though [defendant Seaman] did represent me . . . his representation . . . created a few catastrophic mistakes . . . ." Martin states in his complaint that exhibits in support of his ineffective assistance claim will be filed in a future addendum. For relief on each of his claims, Martin seeks compensatory damages, nominal damages, punitive damages and costs.

Discussion

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a).  A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In addition, a judicial screening provision which applies to any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" requires a court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Here, Martin is claiming that his constitutional rights were violated in the course of his arrest,

questioning, and eventual criminal conviction. Specifically, he claims that the use of his confession violated his rights under the Fourth and Fifth Amendments, and that the ineffective assistance of trial counsel violated his rights under the Sixth Amendment. The harm he has suffered is the conviction itself, for which he is now seeking damages.

In Heck v. Humphrey, 512 U.S. 477, 489-90 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." See also Wilkinson v. Dotson, 125 S. Ct. 1242, 1249 (2005) (affirming Heck). In other words, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87; Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999); Covington v. City of New York, 171

F.3d 117, 121 (2d Cir 1999).  Until such a showing is made, a § 1983 plaintiff may not assert a claim that would undermine the validity of his conviction.  See Heck, 512 U.S. at 487.

Martin's claim fits squarely within the Heck court's holding.  If the Court were to find either that his confession were improper or that his attorney was constitutionally ineffective, the validity of Martin's state court conviction would be called into question.  Because Martin does not allege that his conviction has been reversed, expunged, declared invalid, or called into question, his complaint should be DISMISSED for failure to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, Martin's motion to proceed *in forma pauperis* (Paper 1) is GRANTED.  I recommend, however, that Martin's complaint be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

Dated at Burlington, in the District of Vermont, this 7th day of April, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).